



# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. LA 04-19237SB |
| ESPINOZA, LUIS AND YOLANDA, | Adv. No. LA-05-01511SB |
| Debtors, | CHAPTER 7 |
| FRANCISCO NARANJO, | **ORDER AWARDING JUDGMENT TO DEFENDANT AFTER TRIAL** |
| Plaintiff, | |
| vs. | DATE: December 8, 2005 |
| LUIS AND YOLANDA ESPINOZA, | TIME: 10:00 a.m. |
| Defendant. | CRTRM.: 1575 (Roybal) |

      This adversary proceeding came on for trial on December 8, 2005. David R. Chase appeared for plaintiff Francisco J. Naranjo ("Naranjo"). The defendants Luis and Yolanda Espinoza did not appear. After hearing Naranjo's testimony and evaluating the evidence presented, and good cause appearing therefor, the court makes the following findings of fact and conclusions of law:

      1.      Plaintiff presented no evidence relating to debtor Yolanda Espinoza.

Accordingly, she is entitled to judgment in her favor.

2.  Some of the testimony given at trial was unintelligible because plaintiff testified largely in Spanish, and the translation was unintelligible, particularly with respect to the person to whom the testimony referred. The court disregards the unintelligible testimony, and relies on the testimony for which the meaning can be deciphered.

3.  The first amended complaint makes reference to a claim under Bankruptcy Code § 523(a)(4). However, plaintiff made no reference to this provision, or any of the language contained therein, at trial. The court concludes that the claim under § 523(a)(4) is abandoned.

4.  Plaintiff also refers in his complaint to § 523(c)(3). There is no such statutory provision, and the court finds that the plaintiff has proven no such claim.

5.  The plaintiff proceeded to trial on his claim against debtor Luis Espinoza ("Espinoza") under § 523(a)(2). This provision makes nondischargeable a debt "for money, property, services . . . to the extent obtained by– (A) false pretenses, a false representation, or actual fraud . . . ." Under Ninth Circuit law, the plaintiff must prove a claim for fraud to prevail under this provision. *See, e.g., Mandalay Resort Group v. Miller (In re Miller)*, 310 B.R. 185, 199-202 (Bankr. C.D. Cal. 2004).

5.  To recover under a claim for fraud under § 523(a)(2)(A), a creditor must show:

> (1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representation; (5) that the creditor sustained the alleged loss and damage as a proximate result of the representations having been made.

*See, e.g., In re Cossu*, 410 F. 3d 591, 596 (9th Cir. 2005). In *Field v. Mans*, 516 U.S. 59 (1995), the U.S. Supreme Court further elaborated that any reliance under § 523(a)(2) must be justifiable. *See also Diamond v. Kolcum (In re Diamond)*, 285 F. 3d 822, 827-28 (9th Cir. 2002) (same).

7.  The first element of a fraud claim under § 523(a)(2)(A), as explicated by *Cossu*, is a representation by the defendant to the plaintiff. The testimony at trial is totally devoid of any evidence of any representations made by Espinoza to plaintiff.

8.  The second element of a claim under § 523(a)(2)(A) is that such representations must be false. Because no evidence of any representation supporting a fraud claim was presented, there is no evidence that any such representation was false.

9.  The third element of a claim under § 523(a)(2)(A) is that the representations must have been made by the debtor with the intention and purpose of deceiving the creditor. Because the plaintiff did not testify as to any representations, the evidence supports no finding that any such representation was made with intent to deceive the plaintiff.

10.  The fourth element of a claim under § 523(a)(2)(A) is that the creditor relied on the fraudulent representations. Because plaintiff did not testify as to any such representations, the court has no basis for making a determination that the plaintiff justifiably relied on any such representations.

11.  The plaintiff was prepared to offer substantial evidence in support of his claim for damages resulting from the plaintiff's alleged misrepresentation. Because plaintiff failed altogether to make a case as to liability, the court terminated the trial without hearing evidence as to damages.

For the foregoing reasons, the court finds that the debt that is the subject of this adversary proceeding is included in the debtor's discharge, and that none is nondischargeable pursuant to § 523(a)(2)(A).

DATED: December 19, 2005

SAMUEL L. BUFFORD
UNITED STATES BANKRUPTCY JUDGE

3

# CERTIFICATE OF MAILING

I certify that a true copy of this **ORDER AWARDING JUDGMENT TO DEFENDANT AFTER TRIAL** was mailed on __12/20/05__ to the parties listed below:

U.S. Trustee's Office
725 So. Figueroa St., Suite 2600
Los Angeles, CA 90017

David R. Chase
555 North State College, Suite 202
Anaheim, CA 92806

Luis and Yolanda Espinoza
12718 Elmcroft
Norwalk, CA 90650

Nancy Curry
606 S. Olive, Suite 1850
Los Angeles, CA 90014

DATED: __12/20/05__        _____
                            DEPUTY CLERK

4